**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTIN LUTHER PEYNADO,** | : | **CIVIL ACTION NO. 1:08-CV-2107** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **BUREAU OF IMMIGRATION AND CUSTOM ENFORCEMENT,** | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

Martin Luther Peynado ("Peynado"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on November 20, 2008. (Doc. 1). Also pending is Peynado's recently filed motion for a temporary restraining order and preliminary injunction. (Doc. 7). For the reasons set forth below, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13, and his motion for a temporary restraining order and preliminary injunction will be denied.

## **I.    Statement of Facts**

Peynado, a native and citizen of Jamaica, is subject to a final order of removal from the United States dated June 27, 2008. (Doc. 6-3, at 1, Decision of the Board of Immigration Appeals.) He had previously been ordered removed from the United States to Jamaica on June 6, 1995. (Doc. 6-3, at 4, Office of Detention and

Removal Operations file memorandum.)  He re-entered the United States in August 1995.  (Id.)  ICE became aware of his re-entry after he was arrested in York, Pennsylvania.  On August 27, 2007, he was convicted of Illegal Re-Entry following deportation in violation of 8 U.S.C. § 1326(a).  (Id.)  On September 10, 2007, the prior Order of Exclusion was reinstated.  (Doc. 6-3, at 22, U.S. Department of Homeland Security Notice of Intent/Decision to Reinstate Prior Order, Decision, Order, and Officer's Certification section.)

Initially, Peynado expressed a desire to return to Jamaica as soon as possible.  (Doc. 6-3, at 4, Office of Detention and Removal Operations file memorandum.)  His removal was scheduled for October 31, 2007.  However, on the day he was to participate in a telephonic interview with the Jamaican Embassy, he informed the deportation officer that he did not want to go back to Jamaica because he feared being shot.  (Id.)  Consequently, the scheduled removal was cancelled and the matter was referred to an asylum officer.  Peynado filed a "Form I-589," which constitutes a request for withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act ("the Act").  Following a  hearing on the merits, both his application for withholding of removal under § 241(b)(3) and his application for withholding of removal under the Convention against Torture were denied.  (Doc. 6-3, at 8-17, Oral Decision and Orders of the Immigration Judge.)  Peynado appealed to the Board of Immigration Appeals.  The appeal was dismissed on June 27, 2008.  (Doc. 6-3, at 1-3, Decision of the Board of Immigration Appeals.)  No further administrative action was pursued.

On September 4, 2008, he was notified that pursuant to 8 C.F.R. § 241.4(g)(4), a custody review would not be conducted because ICE was in possession of a travel document to effect removal.  (Doc. 6-3, at 6, Notice Pursuant to 8 C.F.R. 241.4(g)(4).) ICE anticipated removing him in September 2008.  (Id.)

Peynado filed the instant petition seeking relief from "indefinite and unlawful detention" on November 20, 2008.  (Doc. 1, at 1.)  He alleges that he is a native and citizen of Haiti and that he is unable to be removed because "[t]he United States Immigration and Customs Enforcement halted deportation to Haiti." (Id. at 2.)  He files nothing in support of his claim that he is a native and citizen of Haiti, rather than Jamaica, and all documentary evidence demonstrates that he is, in fact, a native and citizen of Jamaica.

In addition to his petition, he recently filed a motion for a temporary restraining order and preliminary injunction for his immediate release "because it has been over six months since [his] final order of removal became final."  (Doc. 7-3, at 1.)

## II.     **Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231.  Under §1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & ( 6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. §

241.4(k)(1)(ii).  Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future.  8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing."  Zadvydas, 533 U.S. at 701.  Not every alien must be released after six months.  An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.

In the matter *sub judice*, the presumptively reasonable six month period began running on June 27, 2008, the date the removal order became administratively final.  At the expiration of the ninety-day mandatory detention period, he was notified that there would be no custody review because ICE was in possession of a travel document and expected to remove him in September 2008.  8 C.F.R. § 241.4(g)(4).  The six month period has recently expired, and ICE has failed to remove Peynado.  All indications are that jurisdiction to make a determination concerning Peynado's custody would now lie with the HQPDU.  It does not appear that he filed a written request for release with the HQPDU.  Consequently, ICE will

be ordered to treat the petition as a request for release under 8 C.F.R. §241.13.[1]  The motion for a temporary restraining order and preliminary injunction in which he seeks immediate release will be denied.

An appropriate order accompanies this memorandum.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        January 20, 2009

---

[1] As noted in the Background section, *supra*, Peynado's claim of Haitian citizenship has no support in the record.  All documentary evidence demonstrates that he is a native and citizen of Jamaica.

However, even if he successfully established Haitian citizenship, the petition would be subject to dismissal.  Judicial review is only permissible after a final order is entered in the administrative forum.  See 8 U.S.C. § 1252(d)(1).  It is undisputed that he failed to present this issue to the immigration courts.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN LUTHER PEYNADO**, | : | **CIVIL ACTION NO. 1:08-CV-2107** |
| Petitioner | : | **(Judge Conner)** |
| v. | : | |
| **BUREAU OF IMMIGRATION AND CUSTOM ENFORCEMENT**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 20th day of January, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide petitioner with a response to his request within thirty days.

3. Petitioner's motion for preliminary injunction (Doc. 7) is DENIED.

4. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge